BETSY JOHNSON, CA Bar No. 119847
betsy.johnson@ogletree.com
EVAN R. MOSES, CA Bar No. 198099
evan.moses@ogletree.com
ALEXANDER M. CHEMERS, CA Bar No. 263726
alexander.chemers@ogletree.com
Y. DOUGLAS YANG, CA Bar No. 307550
douglas.yang@ogletree.com
OGLETREE, DEAKINS, NASH, SMOAK &
STEWART, P.C.
400 South Hope Street, Suite 1200
Los Angeles, CA 90071
Telephone: 213.239.9800
Facsimile: 213.239.9045

Attorneys for Defendant
FEDEX GROUND PACKAGE SYSTEM, INC.

DAVID YEREMIAN, CA Bar No. 226337
david@yeremianlaw.com
DAVID YEREMIAN & ASSOCIATES, INC.
535 N. Brand Blvd., Suite 705
Glendale, California 91203
Telephone: 818.230.8380
Facsimile: 818.230.0308

Attorneys for Plaintiff
STEVEN HERNANDEZ

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN HERNANDEZ, on behalf of himself and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>FEDEX GROUND PACKAGE SYSTEM, INC., a Delaware corporation; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 3:17-cv-02074-VC<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Complaint Filed: December 16, 2016<br>Trial Date: None<br>District Judge: Hon. Vince G. Chhabria<br>Courtroom 4, San Francisco<br><br>Date: July 12, 2017<br>Time: 1:30 p.m.<br>Place: Courtroom 4, San Francisco |

The Parties to the above-entitled action jointly submit this Joint Case Management Statement pursuant to the Court's May 10, 2017 notice. (ECF No. 18.)

## I. JURISDICTION, SERVICE, AND PROCEDURAL POSTURE

On April 13, 2017, Defendant FedEx Ground Package System, Inc. ("Defendant") filed a notice of removal in this action removing it to the Northern District of California under the Class Action Fairness Act alleging the number of potential class members exceeds 100, the Parties are citizens of different states, and the amount in controversy exceeds the aggregate value of $5,000,000. *See* 28 U.S.C. §§ 1332(d)(2) and (d)(6). Plaintiff Steven Hernandez ("Plaintiff") is evaluating whether a motion to remand for lack of subject matter jurisdiction is appropriate. Defendant maintains that subject matter jurisdiction exists (as shown in its removal papers) and further maintains that a motion to remand would be untimely, since it would not have been brought within 30 days of removal, as required by 28 U.S.C. § 1447(c). All Parties have been served and have answered.

This case was originally assigned to the Hon. Susan Illston (ECF No. 6), who issued a scheduling order on April 13, 2017. (ECF No. 7.) On April 18, 2017, the Hon. Susan Illston filed an order of recusal. (ECF No. 9.) This case was subsequently re-assigned to the Hon. Saundra Brown Armstrong (ECF No. 10), who on April 20, 2017 filed an order of recusal. (ECF No. 11.) On April 20, 2017, the case was re-assigned to Magistrate Judge Sallie Kim. (ECF No. 12.) On May 8, 2017, the Parties separately declined to proceed before a magistrate judge. (ECF Nos. 14; 15.) On May 9, 2017, this case was re-assigned to the Hon. Vince Chhabria. (ECF No. 17.)

## II. FACTS

### a. Plaintiff's Statement

Plaintiff was employed by Defendant as a Package Handler from February 11, 2015 until his separation from employment in 2016. Plaintiff was subjected to Defendant's mandatory security screenings prior to clocking in and after clocking out for his daily work shifts. He alleges that he would spend upwards of 15 minutes daily during such off-the-clock security screenings under the direction and control of Defendant waiting in line to pass through a metal detector, being patted down and/or searched. Plaintiff is informed and believes that all similarly situated

30382652_1.docx

employees of Defendant were required to pass through such off-the-clock security screenings and that these security procedures, policies and practices of Defendant were common to all class members. As such Plaintiff and class members are owed unpaid wages, including overtime where appropriate. Such unpaid wages give rise to violations of California Labor Code § 226 and 203 for noncompliant paystubs and waiting time penalties. Plaintiff further alleges that at times, his meal breaks, as well as those of other similarly situated class members, were provided after the beginning of his fifth hour of work, thereby violating California law. At other times, when Plaintiff elected to leave the facility for his meal break, he would not receive a full 30 minutes because of the mandatory security screenings.

### b. **Defendant's Statement**

Plaintiff was employed by Defendant as a Package Handler in its Whittier, California facility from February 11, 2015 until April 22, 2016. Plaintiff never worked in any other facility operated by Defendant. Plaintiff resigned from his employment with Defendant. It is Defendant's position that, during his employment with Defendant, Plaintiff (1) received proper payment for all hours worked; (2) was properly provided with meal periods and authorized and permitted to take rest breaks in accordance with California law; (3) received compliant and accurate wage statements; and (4) was fully paid all wages due and owing to him at the time of his termination. As such, Defendant contends that Plaintiff cannot prevail on his individual claims and cannot properly represent a putative class of current and/or former employees of Defendant. Furthermore, to the extent that Plaintiff claims that he was *individually* harmed and suffered one or more purported violations of the California Labor Code, Plaintiff is not similarly situated to other people who worked in his same location, let alone the thousands of proposed class members who held different job titles, performed different duties, reported to different managers, and/or worked in different locations.

Defendant denies all of Plaintiff's material allegations and will assert the following affirmative defenses: release of claims through previous settlements; failure to state a cause of action; statute of limitations; estoppel; laches; *res judicata* and collateral estoppel; unclean hands; waiver; failure to mitigate; setoff, offset, and/or recoupment; no willful failure to pay; *de minimis*

time is not compensable; no willful failure to pay due to a good faith legal and/or factual dispute; no equitable relief available; avoidable consequences; standing; due process clauses of the U.S. and California Constitutions; cruel and unusual punishment clauses of the U.S. and California Constitutions; no certifiable class exists; preemption; accord and satisfaction; and improper venue.

## III. LEGAL ISSUES

### a. Plaintiff's Statement

The key legal issues in this action include:

1) Whether plaintiff and class members should be compensated for time spent under the control of Defendant during mandatory off-the-clock security screenings;
2) Whether Defendant had a policy and/or practice of not providing compliant meal breaks under California law;
3) Whether paystubs issued to class members complied with Labor Code § 226a;
4) Whether Defendant timely paid all wages to former employees pursuant to Labor Code § 203;
5) Whether any class members in this action released claims for unpaid wages based on off-the-clock security checks in *Rangel v. FedEx Ground Package System, Inc.*, *et al.*, C.D. Cal, No. 8:13-cv-01718-DOC(JCGx). Defendant alleges in its removal papers that even excluding those individuals who were members of the *Rangel* class, there are approximately 19,044 putative class members in this action.

### b. Defendant's Statement

The key procedural legal issue in this case is whether Plaintiff's claims should be certified for class treatment under Federal Rule of Civil Procedure 23. Defendant contends that the class action mechanism is unavailable because Plaintiff will be unable to carry his burden of proof to establish that (1) the putative class members share common issues of fact and law; (2) there is an ascertainable class and a community of interest in the questions of law and fact; (3) he is an adequate representative of the putative class; and (4) his counsel can adequately represent the putative class. In addition, Defendant contends that a significant number of the putative class members Plaintiff purports to represent have released similar or identical claims in other litigation,

specifically *Rangel v. FedEx Ground Package System, Inc.*, *et al.*, C.D. Cal, No. 8:13-cv-01718-DOC(JCGx). Thus, Defendant asserts that Plaintiff will be unable to prosecute this case as a class action.

The key substantive legal issue in this case is whether Plaintiff was paid for all wages due. Defendant will prove that Plaintiff was compensated on a timely basis for all hours he worked, that he was properly provided with meal periods and authorized and was permitted to take rest breaks in accordance with California law, that he was fully paid all wages due and owing to him at the time of his termination. Defendant will also prove that Plaintiff received compliant and accurate wage statements.

## IV. **MOTIONS**

### a. **Plaintiff's Statement**

Plaintiff will bring a motion for class certification. Plaintiff reserves the right to bring any other motions, such as motions to compel or for summary judgment as appropriate. Plaintiff is also considering a motion for remand.

### b. **Defendant's Statement**

Defendant anticipates filing motions for summary judgment on Plaintiff's individual claims and/or a motion for summary judgment against the putative class, if a class is ultimately certified. Defendant may also bring a motion to decertify or motion to deny class treatment, if appropriate. The timing of any such motions is uncertain, though they will be brought prior to any deadline set by the Court for dispositive motions. Since discovery in this matter has just commenced, it is too early to determine whether motions to compel or motions for protective orders will be necessary. Defendant anticipates moving to bifurcate the trial of the liability and damages issues and for a bench trial on Plaintiff's equitable claims under Business & Professions Code § 17200 *et seq*.

## V. **AMENDMENT OF PLEADINGS**

### a. **Plaintiff's Statement**

At this time Plaintiff has no plans to amend the complaint.

### b. **Defendant's Statement**

Defendant does not presently anticipate amending its Answer, but will promptly move to do

30382652_1.docx

1 so if the need arises.

## VI. EVIDENCE PRESERVATION

The Parties have reviewed the *Guidelines Relating to the Discovery of Electronically Stored Information* ("ESI Guidelines") and have met and conferred pursuant to Federal Rule of Civil Procedure 26(f). While the Parties do not presently anticipate that this case will involve complicated issues related to ESI, they will resort to the ESI Guidelines as necessary.

Plaintiff believes that video recordings of security screenings may exist and requests that all such relevant evidence be preserved during the course of these proceedings.

## VII. DISCLOSURES

Pursuant to Federal Rule of Civil Procedure 26(a)(1), the Parties agree to serve their initial written disclosures on or before July 26, 2017.

## VIII. DISCOVERY

This case is in the early stages of discovery. Defendant served its initial discovery on June 28, 2017. Depositions have not yet taken place. While the Parties are amenable to entering into a stipulated e-discovery order in the future, the Parties do not believe that one is necessary at this point.

### a. Plaintiff's Statement

Plaintiff does not believe a phased discovery process is necessary due to the overlap in certification and damages issues. Plaintiff intends to serve discovery related to the relevant policies, practices and procedures of Defendant, including but not limited to security screenings, meal breaks, issuance of wage statements and payment of wages, including final wages. Such discovery will include the depositions of defendant's person(s) most knowledgeable of the relevant policies, practices or procedures. Plaintiff will also seek discovery related to Defendant's affirmative defenses.

Plaintiff will also require the disclosure of the contact information (name, address, phone and email) of all putative class members. As this is an opt-out class action, Plaintiff will draft and circulate a proposed notice for putative class members pursuant to *Belaire-West v. Superior Court* (2007) 149 Cal.App.4th 554.

### b. **Defendant's Statement**

Defendant proposes a two-stage discovery process. Phase One will cover the period from the filing of the First Amended Complaint through the Court's ruling on Plaintiff's motion for class certification, and include discovery concerning: (a) the merits of the individual claims Plaintiff asserts in his First Amended Complaint; (b) damages allegedly suffered by Plaintiff; and (c) whether certification is appropriate. As part of Phase One discovery, Defendant will depose Plaintiff, any individuals who submit declarations in support of any motion for class certification, and any experts identified by Plaintiff. Defendant has also served written discovery, as discussed above, and reserves its right to serve additional requests for production of documents and interrogatories. If no class is certified, then no further discovery will likely be necessary. If a class is certified, then Phase Two of discovery will consist of discovery concerning (a) the individual class members, including any alleged damages related thereto; and (b) the merits of the claims brought on behalf of the class.

Defendant anticipates that the following subjects will be covered in discovery: (1) Plaintiff's individual claims, including whether he received payment for all hours worked, whether he was provided with meal periods and authorized and permitted to take rest breaks, whether he received compliant and accurate wage statements, and whether he timely received all wages owed during employment and upon termination; (2) Plaintiff's class allegations, including his alleged suitability as a class representative; (3) Plaintiff's claimed damages; and (4) Defendant's affirmative defenses.

Defendant believes that any class discovery proposed by Plaintiff, including, *e.g.*, wholesale discovery of the names and contact information and payroll and timekeeping data of putative class members, is premature at this time given that no decision on class certification has yet been made. Such discovery relates to the merits of putative class member claims and violates the privacy rights of putative class members and thus should be deferred until after a decision on class certification has been made.

It is likely that discovery in this case may require disclosure of certain confidential, private, proprietary, personal, or trade secret information. Consequently, Defendant intends to meet and

confer regarding a proposed stipulated protective order to submit to the Court for approval.

Defendant is not currently aware of any specific problems relating to disclosure or discovery of electronically stored information, but it is premature to truly determine if such problems are likely. Defendant intends to meet and confer with Plaintiff should any issues arise.

## IX.  CLASS ACTIONS

This case is a putative class action. Plaintiff has yet to file for certification. The Parties respectfully request the following class certification briefing schedules:

### a.  **Plaintiff's Statement**

Plaintiff proposes the following class certification motion schedule:

- Plaintiff to file his motion for class certification on or before April 30, 2018;
- Defendant to file its opposition to class certification by June 11, 2018;
- Plaintiff to file his reply by July 11, 2018;
- Hearing on motion for class certification: August 2, 2018 at 10:00 a.m.

### b.  **Defendant's Statement**

Defendant does not expect that Plaintiff should need more than six months to prepare any motion for class certification. Consequently, Defendant proposes the following schedule:

- Plaintiff will move for class certification on or before:  January 22, 2018.
- Defendant will file its opposition to class certification by:  March 5, 2018.
- Plaintiff will file his reply by:  March 19, 2018.
- Hearing on Plaintiff's motion for class certification:  April 15, 2018 at 10:00 a.m.

## X.  RELATED CASES

The Parties are not aware of any related cases or proceedings pending before another judge of this United States District Court for the Northern District of California, or before another court or administrative body.

Defendant posits that a *prior* case may impact this matter: *Rangel v. FedEx Ground Package System, Inc.*, et al., C.D. Cal, No. 8:13-cv-01718-DOC(JCGx). In particular, the district court in the *Rangel* matter approved a class action settlement (entered April 8, 2015). As a result of the class action settlement in *Rangel*, a significant number of the putative class members

Plaintiff purports to represent have released similar or identical claims.

Plaintiff notes that pursuant to its own removal papers, Defendant stated that even excluding those putative class members who released claims in *Rangel*, there exists approximately 19,044 class members in this action and over 771,000 work weeks.

## XI. RELIEF

### a. Plaintiff's Statement

Plaintiff seeks an order certifying the action as a class action and payment of all damages sought in the complaint including wages owed, meal period premiums, penalties, interest, attorneys' fees and costs on behalf of all similarly situated class members.

### b. Defendant's Statement

Defendant requests that Plaintiff take nothing by way of his First Amended Complaint; that the First Amended Complaint be dismissed in its entirety with prejudice; that the Court enter judgment for Defendant and against Plaintiff on all alleged claims; that the Court grant Defendant its costs and attorneys' fees; that class certification be denied; and that the Court grant Defendant such other and further relief that the Court deems just and proper.

## XII. SETTLEMENT AND ADR

The Parties have met and conferred regarding ADR and will each file an ADR Certification by Parties and Counsel, as well as a Joint Stipulation confirming that the Parties will pursue ADR using a private mediator. Given the early stage of the proceedings, the Parties respectfully request that they have until April 30, 2018 to hold the ADR session.

## XIII. CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES

On May 8, 2017, the Parties separately filed declinations to magistrate judge jurisdiction. (ECF Nos. 14; 15.)

## XIV. OTHER REFERENCES

The Parties do not believe this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

## XV. NARROWING OF ISSUES

Issues will potentially be narrowed based on whether Plaintiff prevail on his motion for

class certification. The Parties will work in good faith to entertain reasonable stipulations of fact and related summaries as a trial date nears.

## XVI. ADDITIONAL PARTIES

This is not a type of case that can be handled on an expedited basis with streamlined procedures.

## XVII. SCHEDULING

The Parties propose fact discovery to conclude within four months of the Court's ruling on the motion for class certification; expert disclosures shall be served within 30 days after the conclusion of fact discovery, with rebuttal disclosures to occur within 21 days after initial expert disclosures; the last day for hearing of dispositive motions be 60 days before the trial date; and a trial date within eight months of the Court's ruling on the motion for class certification. Because Defendant proposes that any motion for class certification be resolved by March 2018, Defendant respectfully submits that a trial date in late 2018 is appropriate. Plaintiff, on the other hand, proposes that any motion for class certification be resolved by August 2, 2018, and, therefore, respectfully submits that this matter be set for trial in early 2019.

## XVIII. TRIAL

### a. Plaintiff's Statement

If the class is certified, Plaintiff anticipates a trial of up to 30 court days, depending on the claims certified. If the case is not certified, Plaintiff believes the trial will be approximately 3-5 court days.

### b. Defendant's Statement

If a class is not certified, Defendant anticipates that trial in this matter will last approximately three (3) court days. If a class is certified, Defendant anticipates that any trial will last considerably longer.

## XIX. DISCLOSURE OF NON-PARTY ENTITIES OR PERSONS

### a. Plaintiff's Statement

Plaintiff shall immediately file its Certification of Interested Entities or Persons. Pursuant to Civil Local Rule 3-15, Counsel for Plaintiff certifies that as of this date, other than the named

parties, there is no such interest to report.

### b. **Defendant's Statement**

Pursuant to Civil Local Rule 3-15, Defendant filed its Certification of Interested Entities or Persons on April 13, 2017. (ECF No. 2.) The below-listed entities or persons have a direct, pecuniary interest in the outcome of this case:

1. Plaintiff Steven Hernandez, a party to this litigation;
2. Defendant FedEx Ground Package System, Inc., a party to this litigation;
3. The law firm of Ogletree, Deakins, Nash, Smoak & Stewart, P.C. This is the entity that represents the Defendant in this action; and
4. The law firm of David Yeremian & Associates, Inc. This is the entity that represents the Plaintiff in this action.

FedEx Ground Package System, Inc. is a wholly owned subsidiary of FedEx Corporation, its parent, which is publicly traded under the NYSE ticker symbol, FDX. Other than FedEx Corporation, no other publicly held company owns ten or more percent of FedEx Ground Package System, Inc.'s stock.

## XX. PROFESSIONAL CONDUCT

All attorneys of record have reviewed the Guidelines for Professional Conduct for the Northern District of California.

## XXI. OTHER MATTERS

None at this time.

DATED: July 5, 2017

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.


By: /s/ Betsy Johnson
    Betsy Johnson
    Evan R. Moses
    Alexander M. Chemers
    Y. Douglas Yang
Attorneys for Defendant
FEDEX GROUND PACKAGE SYSTEM, INC.

DATED: July 5, 2017　　　　　　　　　　DAVID YEREMIAN & ASSOCIATES, INC.

　　　　　　　　　　　　　　　　　　　By: /s/ David Yeremian_____
　　　　　　　　　　　　　　　　　　　　　David Yeremian
　　　　　　　　　　　　　　　　　　　Attorneys for Plaintiff
　　　　　　　　　　　　　　　　　　　STEVEN HERNANDEZ

## LOCAL RULE ATTESTATION

I, Betsy Johnson, am the ECF user whose ID and password are being used to file this Joint Case Management Statement. In compliance with Local Rule 5-1(i)(3), I hereby attest that all counsel of record have concurred in the filing of this document with their electronic signatures.

DATED: July 5, 2017                      OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By: /s/ Betsy Johnson
      Betsy Johnson
      Evan R. Moses
      Alexander M. Chemers
      Y. Douglas Yang
Attorneys for Defendant
FEDEX GROUND PACKAGE SYSTEM, INC.

30378212.1

30382652.1