DAVID YEREMIAN & ASSOCIATES, INC.
David Yeremian (SBN 226337)
david@yeremianlaw.com
Alvin B. Lindsay (SBN 220236)
alvin@yeremianlaw.com
535 N. Brand Blvd., Suite 705
Glendale, California 91203
Telephone: (818) 230-8380
Facsimile: (818) 230-0308

Attorneys for Plaintiff STEVEN HERNANDEZ
and the Settlement Class Members

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA - SAN FRANCISCO DIVISION

| | |
|---|---|
| STEVEN HERNANDEZ, on behalf of himself and others similarly situated,<br><br>    Plaintiff,<br><br>vs.<br><br>FEDEX GROUND PACKAGE SYSTEM, INC., a Delaware corporation; and DOES 1 through 50, inclusive,<br><br>    Defendants. | Case No.: 3:17-cv-02074-VC<br><br>CLASS ACTION<br><br>**[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF SECOND AMENDED CLASS ACTION SETTLEMENT, APPROVAL OF AMENDED CLASS NOTICE, AND SETTING FINAL APPROVAL HEARING**<br><br>[*Filed concurrently with Declaration of Alvin B. Lindsay with Exhibits*]<br><br>*Following Motion for Preliminary Approval Hearing on:*<br>Date:   May 2, 2019<br>Time:   10:00 a.m.<br>Location:  Courtroom 4, 17th Floor<br>Judge:  The Honorable Vincent G. Chhabria<br><br>Original Complaint Filed:  December 16, 2016<br>First Amended Complaint: February 21, 2017<br>Removed:  April 13, 2017 |

1

## <u>ORDER</u>

2   This matter has come before the Court based on the unopposed request and motions by

3   Plaintiff Steven Hernandez ("Plaintiff"), on behalf of himself and the putative Settlement Class of

4   similarly situated employees of Defendant FedEx Ground Package System, Inc. ("Defendant")

5   (together, the "Parties"), for Preliminary Approval of the Parties' Second Amended Stipulation of

6   Settlement of Class Action and Release of Claims ("Second Amended Settlement") pursuant to

7   Rule 23(e) of the Federal Rules of Civil Procedure. The Motion follows a prior motion for

8   preliminary approval (ECF No. 47) of the Parties' original Settlement Agreement ("Settlement

9   Agreement") (ECF No. 47-2), which the Court denied (ECF No. 55), and a second motion for

10  preliminary approval of the parties Amended Stipulation of Settlement of Class Action and Release

11  of Claims ("Amended Settlement") (ECF Nos. 64, 64-2), which the Court heard on **May 2, 2019**.

12  The Parties' Settlement Agreement, Amended Settlement Agreement, and Second Amended

13  Settlement Agreement (provided at Exhibit A to Class Counsel Alvin B. Lindsay's supporting

14  declaration ("Lindsay Decl.")) are referred to collectively as "the Settlement" or "Settlement

15  Agreements."

16  Plaintiff, without opposition by Defendant, seeks an Order (1) conditionally certifying the

17  class action claims for settlement purposes under the Federal Rules of Civil Procedure, Rule 23

18  (e.g., "Rule 23"); (2) preliminarily approving the parties' Second Amended Settlement Agreement;

19  (3) appointing Plaintiff as the Class Representative and Plaintiff's counsel as Class Counsel; (4)

20  approving the form of the parties' proposed amended Class Notice (which is Exhibit A to the

21  Second Amended Settlement Agreement and is provided at Exhibit B to the Lindsay Decl.); and (5)

22  scheduling a hearing on the final approval of the Settlement.

23  The Court's scrutiny of the proposed settlement is as rigorous at the preliminary approval

24  stage as at the final approval stage. *See Cotter v. Lyft, Inc*., 193 F. Supp. 3d 1030, 1036-37 (N.D.

25  Cal. 2016). Having considered the papers on the motions for preliminary approval of the

26  Settlement, the documents submitted in support of preliminary approval of the Amended Settlement

27  and Second Amended Settlement, the arguments of counsel, and the law, the Court now enters this

28  Preliminary Approval Order and FINDS, CONCLUDES, and ORDERS as follows:

1.    All defined terms contained herein shall have the same definitions, if any, as set forth in the Second Amended Settlement Agreement. The Second Amended Settlement is provided at Exhibit A to the concurrently filed Lindsay Declaration in support of its preliminary approval, and the Parties' proposed amended Class Notice is provided at Exhibit B to the Lindsay Declaration. Counsel also provided tracked changes versions of these documents reflecting all revisions from the prior versions. (Lindsay Decl., Exhibits C-D).

2.    The Court hereby conditionally certifies the proposed Class contained in the Second Amended Settlement Agreement and conditionally finds that, solely for the purposes of approving this Settlement and for no other purpose and with no other effect on this litigation, the proposed Class meets the requirements for certification under Rule 23(a) and (e). Accordingly, for purposes of approving this Settlement under Rules 23(a) and 23(b)(3), the Court finds: (a) the proposed Class is ascertainable and so numerous that joinder of all members of the Class is impracticable; (b) there are questions of law or fact common to members of the proposed Class; (c) certain claims of Plaintiff are typical of the claims of Class Members; (d) Plaintiff and Class counsel will fairly and adequately protect the interests of the proposed Class; and (e) a class action is superior to the other available methods for an efficient resolution of this controversy in the context of Settlement.

3.    The Court therefore conditionally certifies, for settlement purposes only and pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure, the following Class and Settlement Class Members: "All current and former non-exempt, hourly employees of Defendant in California during the Class Period [**December 16, 2012** through **March 5, 2019**] (or if any such person is incompetent, deceased, or unavailable due to military service, the person's legal representative or successor in interest evidenced by reasonable verification)." The "Settlement Class Members" shall not include: (i) any person who submits a timely and valid request for exclusion as provided in this Agreement; (ii) all persons employed by Defendant in California as an hourly-paid "package handler," whose employment with Defendant ended on or before September 1, 2014, and who released claims in the settlement of the *Rangel* lawsuit (the

ORDER GRANTING PRELIMINARY APPROVAL OF SECOND AMENDED CLASS ACTION SETTLEMENT

1    "Rangel Settlement Participants"); and (iii) all persons who previously released the Released

2    Claims under any other separate agreement.

3          4.      The Operative Complaint alleges eight class-wide claims against Defendant: (1)

4    Failure to Pay Minimum Wages; (2) Failure to Pay Wages and Overtime Under Labor Code §

5    510; (3) Meal Period Liability Under Labor Code § 226.7; (4) Rest-Break Liability Under Labor

6    Code § 226.7; (5) Violation of Labor Code § 226(a); (6) Violation of Labor Code § 203; (7)

7    Violation of Business & Professions Code § 17200 et seq.; and (8) Penalties under Labor Code §

8    2698 et seq., Private Attorneys General Act ("PAGA").

9          5.      Considering the factors set forth in Hanlon v. Chrysler Corp., 150 F.3d 1011, 1026

10   (9th Cir. 1998), the Court further finds that, for purposes of preliminary approval, and considering

11   the strength of the allegations set forth in Plaintiff's Complaint; the risk, expense, complexity, and

12   likely duration of further litigation; the risk of maintaining class action status throughout the trial;

13   the amount offered in the Settlement Agreement and Amended Settlement; the extent of discovery

14   completed and the stage of the proceedings; the experience and views of counsel; the presence

15   and/or absence of a governmental participant; and the reaction of the Class Members to the

16   proposed Settlement, the proposed Amended Settlement is fair on its face and is suitable for

17   submission to the Class Members. The Court therefore finds on a preliminary basis that the

18   proposed terms of the Settlement Agreements are reasonable, and grants Preliminary Approval of

19   the proposed Class Action Settlement.

20         6.      This non-reversionary, common-fund Settlement is for a Maximum Settlement

21   Fund of $1.8 million with a Net Settlement Amount determined by subtracting Court approved

22   allocations for attorneys' fees and costs, the Class Representative Service Award, the Settlement

23   Administration expenses, and for the allocation to PAGA to be paid to the LWDA, and

24   Defendant's employer taxes will be paid by Defendant separately from the settlement funds.

25         7.      Based on a review of the papers submitted by the Parties, the Court finds that the

26   Settlement Agreements are the result of arms-length negotiations conducted after class counsel

27   had adequately investigated the claims and become familiar with the strengths and weaknesses of

28   the claims. The assistance of an experienced mediator in the settlement process during two

1    mediation sessions supports the Court's conclusion that the proposed settlement is non-collusive.

2    The Court finds on a preliminary basis that the Settlement memorialized in the Settlement

3    Agreement and Amended Settlement is within the range of reasonableness and hereby grants

4    preliminary approval of the Settlement.

5           8.     The Court provisionally appoints Plaintiff as the Class Representative for

6    settlement purposes only.

7           9.     The Court provisionally appoints David Yeremian, Esq. and Alvin B. Lindsay, Esq.

8    of David Yeremian & Associates, Inc. as Class Counsel.

9          10.    The Court appoints Rust Consulting, Inc. as the Settlement Administrator and

10   preliminarily approves the allocated Settlement Administration fees and costs. The Settlement

11   Administrator will prepare final versions of the Class Notice, incorporating into it the relevant

12   dates and deadlines set forth in this Order and the Settlement Agreements, and will carry out the

13   duties set forth in the Second Amended Settlement Agreement.

14         11.    The Court concludes that the amended Class Notice, at Exhibit A to the Second

15   Amended Settlement Agreement (and provided at Exhibit B to the concurrently filed Lindsay

16   Declaration), as well as the procedure set forth in the Settlement Agreements for providing notice

17   to the Class Members by U.S. First-Class Mail, will provide the best notice practicable. There is

18   no alternative method of notice that would be more practical or more likely to notify Class

19   Members of the terms of the Settlement. The proposed Notice and notice plan provide the best

20   practicable notice under the facts and circumstances of this case. The Court thus finds that the

21   notice requirements of Rule 23(e) are satisfied, and that the Notice that will be provided

22   adequately advises Class Members of their rights under the Settlement. The Notice therefore meets

23   the requirements of due process. The Class Notice fairly, plainly, accurately, and reasonably

24   informs Class Members of: (a) the nature of the Action, the definition of the Class, the identity of

25   Class Counsel, and the essential terms of the Settlement Agreement, including the plan of

26   allocation; (b) Plaintiff's and Class Counsel's applications for the Class Representative's Service

27   Award, and Class Counsel's request for Attorneys' Fees and Litigation Costs; (c) how to claim a

28   share of the proceeds under the Settlement, and Class Members' right to appear through counsel if

they desire; (d) how to object to the Settlement or request exclusion if a Class Member wishes to do so; and (e) how to obtain additional information regarding the Action and the Settlement.

12.     In the event that the Effective Date occurs, all Class Members who do not timely and validly exclude themselves from the Class will be deemed to have forever released and discharged the Released Claims. The Court approves the definition of Released Claims by Plaintiff and the Class Members as articulated in the Second Amended Settlement Agreement, and does so because the release language makes it clear that the Class members are only releasing claims based on the identical factual predicate. *Hesse v. Sprint Corp.*, 598 F.3d 581, 590 (9th Cir. 2010). The proposed Class Notice makes this clear as well.

13.     Any member of the Class who intends to object to final approval of the Settlement or Class Counsel's Motion for Fees and Costs must file an objection the Court within 60 calendar days following the mailing of the Class Notice and in the form and manner set forth in the Settlement Agreement. Individual Class Members may be heard at the Final Approval Hearing, either personally or through their counsel, only if they file with the Court, on or before 60 days from the date of the mailing of the Class Notice, a written objection to the Settlement in accordance with the Settlement Agreement, provided they have not filed a request for exclusion. The effective date of the Objection will be the postmark date for any mailing. The written objection requirement may be excused by the Court upon a showing of good cause, and the Court will generally only require substantial compliance with the requirements for submitting an objection, which is also made clear in the Class Notice.

14.     The Parties and Settlement Administrator are ordered to execute the settlement according to the terms of the Second Amended Settlement Agreement and in conformity with this Order, including:

> a)     Defendant will provide the Settlement Administrator a list of all Class Members, including the name, employee number, social security number, and last known mailing address and telephone number of each Class Member within **20 calendar days** of issuance of the Preliminary Approval Order.

b)     The Class Notice, in the form as amended at Exhibit B to the Declaration of Alvin B. Lindsay in support of the present administrative motion, shall be sent by the Settlement Administrator to the Class Members, by first class mail, within **14 calendar days** after receiving the Class List from Defendant. The Settlement Administrator shall mail to each Class Member a Class Notice, which will also list the Class Member's dates of employment, compensable workweeks, and estimated Individual Settlement Payment. In the event of a returned or undeliverable Class Notice, the Settlement Administrator will perform a single computer and/or "skip trace" search to obtain an updated address and will promptly re-send the Notice.

c)     Class Members will have **60 calendar days** from the date the Class Notice is mailed by the Settlement Administrator to submit an Objection or Request for Exclusion (which periods run concurrently) in accordance with the Settlement Agreement. All Objections will be filed with the Court and all Requests for Exclusion will be submitted to the Claims Administrator.

d)     Within **5 calendar days** of the Effective Date, which is the date of entry of the Final Approval Order or if there are objectors within 60 calendar days of entry of the Final Approval Order if there is no appeal, or if there is an appeal, the date of its final resolution, Defendants will deliver to the Settlement Administrator the total amount of the payments due to Plaintiff, Class counsel, the LWDA, and the Class Members, and those payments will then be distributed by the Settlement Administrator by **14 calendar days** after the Effective Date.

e)     To the extent that any of the above deadlines falls on a weekend or federal holiday, the time for completing the required action will be extended until the next business day.

f)     The Parties and Settlement Administrator will adhere to the following schedule for completing the notice procedures and motion filings and for proceeding through preliminary and final approval of the Settlement and funding and

distribution, based on an anticipated preliminary approval entry date of **May 8, 2019**:

| Due Date | Activity |
|----------|----------|
| May 28, 2019 | Defendants to provide the Settlement Class Information to Rust Consulting (20 days from Preliminary Approval) (proposed dates based on Order Granting Preliminary Approval being entered on May 8, 2019) |
| June 11, 2019 | Rust Consulting to mail Class Notice to the Class Members. (No later than 14 days from Receipt of Class Data) |
| July 29, 2019 | Deadline for Class Counsel to File Motion for Approval of Attorneys' Fees and Costs and Class Representative Service Award ("Fees Motion") and Declaration from Administrator, Class Representative, and Class Counsel in support (14 days before the Objection Deadline) |
| August 12, 2019 | Last day for Class Members to Object to the Settlement (60 days from Initial Mailing of Class Notice) |
| August 12, 2019 | Last day for Class Members to submit a Request for Exclusion (60 Days from Initial Mailing of Class Notice). |
| August 22, 2019 | Deadline for Class Counsel to File Motion for Final Approval of the Settlement, Declaration from Administrator, and Supplemental Documents for Fees Motion (two weeks before Final Approval Hearing) |
| September 5, 2019 | Final Approval Hearing (Thursday, 10:00 a.m.) (given the continued hearing, the Court grants the parties' request to set the hearing for 14 days from the filing of the motion for final approval rather than 35 days) |
| TBD | Settlement Funds Due to Administrator (5 calendar days after Effective Date) |
| TBD | Disbursement of Settlement Funds (14 calendar days after Effective Date) |

15.    The Court will conduct a Final Fairness and Approval hearing on September 5, 2019 at 10:00 a.m. to determine: (i) whether the proposed Settlement is fair, reasonable, and adequate and should be approved by the Court; (ii) the amount of Attorneys' Fees and Costs that should be awarded to Class Counsel; and (iii) the amount of the Enhancement Award that the Class Representative should receive. The Court reserves the right to adjust the date of the Final

Approval hearing and related deadlines without further notice to the Class Members. Plaintiff's Motion for Final Approval of the Amended Settlement, and Class Counsel's motion for an award of attorneys' fees and costs, shall be filed and heard on or before the final approval hearing in accordance with the above schedule.

16.    In the event the Amended Settlement is not finally approved, or otherwise does not become effective in accordance with the terms of the Settlement Agreement, this Order shall be rendered null and void and shall be vacated, and the Parties shall revert to their respective positions as of before entering into the Settlement Agreement. The Court's findings are for purposes of certifying a settlement class and to settle the matter and will not have any claim or issue preclusion or estoppel effect in any other action against Defendant, or in this action if the Settlement is not finally approved.

**IT IS SO ORDERED.**

DATED: __May 10, 2019__        _____
                               The Honorable Vince Chhabria
                               United States District Judge