DAVID YEREMIAN & ASSOCIATES, INC.
David Yeremian (SBN 226337)
david@yeremianlaw.com
Alvin B. Lindsay (SBN 220236)
alvin@yeremianlaw.com
535 N. Brand Blvd., Suite 705
Glendale, California 91203
Telephone: (818) 230-8380
Facsimile: (818) 230-0308

Attorneys for Plaintiff STEVEN HERNANDEZ
and the Settlement Class Members

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA - SAN FRANCISCO DIVISION**

| | |
|---|---|
| STEVEN HERNANDEZ, on behalf of himself and others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>FEDEX GROUND PACKAGE SYSTEM, INC., a Delaware corporation; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.: 3:17-cv-02074-VC<br><br>CLASS ACTION<br><br>[~~PROPOSED~~] ORDER GRANTING PLAINTIFF'S UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND JUDGMENT<br><br>[*Filed concurrently with Notice of Motion and Unopposed Motion for Final Approval; Memorandum in Support; and Declaration of Amanda Myette, David Yeremian, and Alvin B. Lindsay*]<br><br>Date:   September 26, 2019<br>Time:  10:00 a.m.<br>Location:  Courtroom 4, 17th Floor<br>Judge:  The Honorable Vincent G. Chhabria<br><br>Original Complaint Filed:  December 16, 2016<br>First Amended Complaint: February 21, 2017<br>Removed:  April 13, 2017 |

## ORDER AND JUDGMENT

This matter has come before the Court on the unopposed motion by Plaintiff Steven Hernandez ("Plaintiff"), on behalf of himself and the preliminarily approved and conditionally certified Settlement Class of similarly situated employees of Defendant FedEx Ground Package System, Inc. ("Defendant") (together, the "Parties"), for final approval of the Parties' Second Amended Stipulation of Settlement of Class Action and Release of Claims ("Amended Settlement") pursuant to Rule 23(e) of the Federal Rules of Civil Procedure. The Motion follows and will be concurrently heard with Plaintiff's Unopposed Motion for Attorneys' Fees and Costs and Class Representative Enhancement at Final Approval of Class Action Settlement ("Fees and Costs Motion") (ECF No. 75), and as addressed in the parties' Settlement Agreement. A copy of the Settlement Agreement, which the Court preliminarily approved, was provided at ECF No. 70-1, and has also been provided at Exhibit A to Class Counsel Alvin B. Lindsay's Declaration in support of final approval.

On **May 10, 2019**, the Court entered its Order granting preliminary approval to the Second Amended Settlement and authorizing mailing of the proposed Class Notice, and setting further administration and approval dates. (ECF No. 72). On **June 13, 2019**, the parties submitted a stipulation to modify the schedule (ECF No. 73), which the Court granted in its Modified Order setting the modified settlement schedule. (ECF No. 74). This included a deadline of **August 12, 2019** for Plaintiff to file the Fees and Costs Motion (which Plaintiff did at ECF No. 75), an objection and exclusion deadline of **August 26, 2019**, and a final approval hearing on **September 26, 2019**.  (*Id*. at page 2).

In accordance with the Order granting preliminary approval, the Settlement Administrator, Rust Consulting, Inc. ("Rust"), mailed the Court approved Class Notice, in both English and Spanish translation versions, to the each of the **55,156** Settlement Class Members on **July 1, 2019**, and the notice period closed on **August 26, 2019**. The Class Notice, as provided at Exhibit A to the Settlement Administrator's Declaration in support of final approval and at ECF No. 75-10, informed Class Members of the terms of the Settlement, the right to participate in the Settlement, the right to object to the Settlement, the right to request exclusion and pursue their own remedies,

and the right to appear in person or by counsel at the final approval hearing regarding final approval of the Settlement.

The motion for final approval seeks final approval of the Settlement and entry of judgment that will bind each Settlement Class Member and will operate as a full release and discharge of the Released Claims (as defined in the Settlement Agreement).

Having received and considered Plaintiff's motion for final approval of the Settlement, Plaintiff's motion for attorneys' fees, costs and Class Representative Enhancement Award, the file in this case, and the evidence and argument received by the Court before entering the Preliminary Approval Order and before and in connection with the final approval hearing, **THE COURT HEREBY ORDERS, ADJUDGES AND DECREES THAT:**

1.	The terms in this Order shall have the same meaning as assigned to them in the Settlement Agreement.

2.	The Settlement Administrator (Rust Consulting, Inc.) has fulfilled its initial notice and reporting duties under the Settlement Agreement.

3.	The Class Notice: (i) was the best practicable notice under the facts and circumstances of this case; (ii) was reasonably calculated to apprise Class Members of the pendency of the Action, their right to participate in the Settlement, their right to exclude themselves from the Settlement, and their right to object to, and/or appear at the Final Approval Hearing for, the Settlement; and (iii) constituted due, adequate, and sufficient notice of a class settlement under Federal Rule of Civil Procedure 23, due process, and any other applicable rules or law. There are 36 Class Members who requested exclusion from the Settlement, and two Class members objected to it. (See ECF Nos. 76, 77). After considering the arguments of the Objectors, and the arguments of the parties and their counsel in response and as addressed in the motion for final approval documents, the Court overrules the Objections at ECF Nos. 76 and 77 and grants final approval to the Settlement. With the **36** exclusions, there are a total of **55,120** Participating Settlement Class Members.

4.      The notice of settlement served by Plaintiff on the California Labor and Workforce Development Agency ("LWDA") satisfied the requirements of the PAGA. The LWDA has expressed no objection to the Settlement.

5.      The terms of the Settlement are fair, reasonable and adequate, and the standards and applicable requirements for final approval of this class action settlement are satisfied, including the provisions of Rule 23 of the Federal Rules of Civil Procedure.

6.      The Settlement has been reached as a result of intensive, serious, and non-collusive, arms-length negotiations and was achieved with the aid of an experienced mediator over multiple sessions. The Settlement was entered into in good faith as to each Settlement Class Member.

7.      Class Counsel are experienced class action litigators and have expressed the view that the Settlement is fair, reasonable and adequate.

8.      Taking into consideration: the nature of the Plaintiff's claims; the nature of Defendant's defenses; the expense, complexity and likely duration of further litigation; and the risk of attaining and maintaining class action status throughout the litigation, the amounts paid under the Settlement are fair and reasonable. Moreover, the allocation of settlement proceeds among the Settlement Class Members is fair, adequate and reasonable. The fact that a settlement represents a compromise of the Parties' respective positions rather than the result of a finding of liability at trial also supports the Court's decision granting final approval.

9.      The Court appoints Plaintiff as representative of, and Class Counsel as counsel for, the Settlement Class Members for the purpose of entering into and implementing the Settlement.

10.      The Settlement Administrator is to execute the distribution of proceeds pursuant to the terms of this Settlement. Pursuant to the Settlement Agreement, Defendant will provide the Settlement Administrator with the money to establish the Maximum Settlement Fund of $1.8 million, which will be distributed in accordance with the Settlement Agreement.

11.      As of the Effective Date, the Plaintiff and the Settlement Class Members will release Defendant and the Released Parties from the Released Claims, as those terms are defined in the Settlement Agreement.

12.     The PAGA Payment arising under the California Private Attorneys General Act of $40,000.00 is approved, with the LWDA receiving $30,000.00 and the remaining $10,000.00 being redistributed to the Class members. Payment of that amount shall be paid from the Maximum Settlement Fund in accordance with the Settlement Agreement, and there shall be no further recourse for the civil penalties released under the terms of the Settlement.

13.     Notwithstanding the submission of a timely request for exclusion, Class Members are still bound by the settlement and release of the PAGA Claims or remedies under this judgment pursuant to *Arias v. Superior Court*, 46 Cal. 4th 969 (2009), as the 36 requests for exclusion do not apply to the PAGA Claims. The State of California's claims for civil penalties pursuant to PAGA are also extinguished.

14.     The fees, expenses, and any other costs of Rust Consulting, Inc. in administering the Settlement, in the amount of **$135,000.00**, are fair and reasonable. Payment of that amount shall be paid out of the Maximum Settlement Fund in accordance with the Settlement Agreement, which shall fully, finally and completely compensate Rust Consulting, Inc. for all fees, expenses and any other costs in administering the Settlement.

15.     Based upon application by Class Counsel and Plaintiff, and his valuable contribution to this litigation, the Court approves the payment of a Class Representative Enhancement and Service Award in the amount of **$7,500.00** to Plaintiff (in addition to any recovery he may receive as a member of the Settlement Class) in recognition of his efforts and the risks he undertook in prosecuting this Action.

16.     Based upon application by Class Counsel, the Court approves the payment of attorneys' fees to Class Counsel in the amount of **$450,000.00**, which is 25% of the Maximum Settlement Fund of **$1.8 million** to be paid in the manner set forth in the Settlement Agreement. Plaintiff's request for an award of reasonable litigation costs is also approved. Out of the **$20,000** allocated to costs, Class Counsel has incurred approximately **$16,750** in costs through final approval. Class Counsel is awarded this amount, and the difference between that number and the allocated amount will be added back into the Net Settlement Fund to be distributed to the Settlement Class Members in accordance with the Settlement Agreement. Rust shall withhold 10% of the attorneys' fees until the Court releases them in an order after the Post-Distribution Accounting.

17.     The Settlement Agreement and this Final Approval Order and Judgment shall have *res judicata* and preclusive effect in all pending and future lawsuits or other proceedings that encompass any of Plaintiff's claims and the Released Claims released by the Settlement Class Members. The Settlement Agreement and this Final Approval Order and Judgment shall be binding on Plaintiff and the Settlement Class Members and others acting on their behalf.

18.     Plaintiff and the Settlement Class Members are permanently barred from filing, commencing, prosecuting, intervening in, or participating (as class members or otherwise) in any other lawsuit or administrative, regulatory, arbitration, or other proceeding in any jurisdiction based on the claims released in the Settlement Agreement.

19.     The Settlement provided for herein, and any proceedings undertaken pursuant thereto, may not be offered, received, or construed as evidence of: a presumption, concession, or an admission by any Party of liability or non-liability; the certifiability or non-certifiability the class and collective claims resolved by the Settlement; the manageability or non-manageability of the PAGA representative claims resolved by the Settlement; provided, however, that reference may be made to this Settlement in such proceedings as may be necessary to effectuate the provisions of this Settlement.

20.     This Final Approval Order and Judgment of dismissal shall be entered forthwith, dismissing this Action with prejudice.

21.     Without affecting the finality of the Final Approval Order and Judgment, the Court retains continuing jurisdiction over Plaintiff, Defendant, and the Settlement Class Members as to all matters concerning the administration, consummation, and enforcement of this Settlement Agreement.

22.     After settlement administration and distribution of funds have been completed, the Parties shall file a report with this Court certifying compliance with the terms of the Settlement and this Order and Judgment.

///

///

///

23.    If this Order is reversed on appeal or the Settlement Agreement is terminated or is not consummated for any reason, the foregoing certification of claims, appointment of the Class Representative and appointment of Class Counsel shall be void and of no further effect, and the parties shall be returned to the status each occupied before entry of this Order without prejudice to any legal argument that any of the parties might have asserted but for the Settlement.

24.    This Order shall become effective and final as of December 12, 2019 to ensure no Federal or State officials have any objections to the settlement.

**IT IS SO ORDERED.**

DATED: _December 12, 2019_

The Honorable Vince Chhabria
United States District Judge